# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DIMITRY WHITE,** | CASE NO. 5:17 CV 1689 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| vs. | |
| | **MEMORANDUM OF OPINION** |
| **ED SHELDON, WARDEN,** | **AND ORDER** |
| Respondent. | |

Petitioner Dimitry White filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated in the Mansfield Correctional Institution, serving a sentence of 30 years to life in prison for aggravated murder with gun specifications and having a weapon under disability. The Petitioner challenges his conviction and sentence on the following grounds: (1) insufficiency of the evidence; (2) prosecutorial misconduct; and (3) improper sentence. For the reasons explained below, the Petition is not ripe for adjudication. This case is dismissed without prejudice to allow Petitioner to exhaust his state court remedies.

## I. BACKGROUND

The following facts were obtained from the Ohio Court of Appeals opinion, *State v. White*, No. 27683, 2016 WL 3608738, at *1–10 (Ohio Ct. App. July 6, 2016). The victim, Anthony Thomas, was shot and killed in the back yard of a known drug house located at 1007 Cole Avenue in Akron ("1007 Cole") the evening of July 11, 2014. A neighbor who heard the gunshots and

witnessed a suspicious individual walking quickly down the street called the police. Police canvassed the area and obtained statements from several individuals inside 1007 Cole, as well as neighbors who saw the suspicious individual. As a result of their investigation, the police obtained an arrest warrant for Petitioner. Officers located Petitioner at his sister's house on July 13, 2014. They arrested Petitioner and charged him with aggravated murder with a firearm specification, murder with a firearm specification, and having a weapon while under disability.

After a trial with more than 20 witnesses, the jury returned a verdict of guilty on all charges. Because the murder conviction merged with the aggravated murder conviction, the State elected to proceed with sentencing on the aggravated murder charge. The trial court sentenced Petitioner to 25 years to life for aggravated murder, 3 years for the firearm specification, and two years for having a weapon while under disability. The trial court ordered the sentences to run consecutively for a total prison sentence of 30 years to life.

Petitioner appealed his convictions, raising four assignments of error:

> ASSIGNMENT OF ERROR I
>
> THE PROSECUTOR'S REMARKS IN CLOSING ARGUMENT WERE PROSECUTORIAL MISCONDUCT THAT DEPRIVED DIMITRY WHITE OF HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF HIS 5TH, 6TH, AND 14TH AMENDMENTS RIGHTS UNDER THE U .S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR II
>
> DIMITRY WHITE'S CONVICTIONS FOR AGGRAVATED MURDER, MURDER, GUN SPECIFICATIONS, AND HAVING WEAPON WHILE UNDER DISABILITY WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION.

> ASSIGNMENT OF ERROR III
>
> DIMITRY WHITE'S CONVICTIONS FOR AGGRAVATED MURDER, MURDER, GUN SPECIFICATIONS, AND HAVING WEAPON WHILE UNDER DISABILITY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR IV
>
> THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON DIMITRY WHITE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

*Id*. The Ohio Ninth District Court of Appeals found Petitioner's Third Assignment of Error to have merit, and on July 6, 2016, remanded the cases to the trial court for resentencing. The Court overruled his other Assignments of Error. Re-sentencing has yet to take place.

Petitioner requested appointment of counsel to file a delayed appeal in the Ohio Supreme Court. The trial court granted his Motion, and counsel filed the Motion to File Delayed Appeal on August 7, 2017. The Supreme Court denied the Motion on September 27, 2017.

## II. HABEAS PETITION

Petitioner has now filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. He asserts the following grounds for relief:

1. Insufficiency of the evidence;

2. Prosecutorial Misconduct;

3. Improper Sentence Errors;

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at

409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## IV. PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797

(6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained

state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts

-7-

(i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## V. ANALYSIS

Petitioner has not exhausted his state court remedies. He challenges his sentence in this third ground for habeas relief. The Ohio Court of Appeals remanded his case to the trial court for resentencing. That has not yet occurred. This Petition is not ripe for adjudication.

Because the AEDPA filing period is not tolled during the pendency of a federal habeas petition, *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001), the Court may stay a Habeas Petition pending exhaustion of state court remedies, if it appears the subsequent Petition would be time-barred. Here, the case is pending in the trial court for resentencing on remand from Petitioner's direct appeal. It does not appear that a stay will be necessary to preserve the statute of limitations.

## VI. CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc # 1) is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

    s/*Dan Aaron Polster*    12/21/2017
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**